James Emory WRIGHT, Plaintiff,

v.

James M. PATTERSON, Defendant.

James Emory WRIGHT, Plaintiff,

v.

William R. JOHNSON, Defendant.

Willie Lee CHAVERS, Plaintiff,

v.

William R. JOHNSON, Defendant.

Willie Lee CHAVERS, Plaintiff,

v.

James M. PATTERSON, Defendant.

Civ. A. Nos. 4815–67 to 4818–67.

United States District Court
S. D. Alabama, N. D.
Dec. 31, 1968.

Hubbard H. Harvey, Demopolis, Ala., for plaintiffs.

Don Conway, Asst. U. S. Atty., Mobile, Ala., for defendants.

## ORDER ON MOTION TO DISMISS

PITTMAN, District Judge.

These four cases were considered and handled together. This order applies to each of the cases separately and severally.

Each of these four actions was originally brought in the Circuit Court of Wilcox County, Alabama, and removed to this court. The four complaints are the same in form and substance (only the names of the parties are different), each seeks damages for alleged unlawful arrest and imprisonment and assault by defendants respectively, growing out of defendants' actions in the vicinity of

Kimbrough, Wilcox County, Alabama, on November 7, 1967.

On January 5, 1968, motions to dismiss, identical in form and substance, were filed in each case along with identical memorandum briefs in support of each defendant's motion to dismiss against each plaintiff. On September 17, 1968, these motions were set for hearing.

In support of defendants' motions to dismiss, four witnesses testified. The plaintiffs did not offer any evidence. Arguments were made and the motions were taken under submission by the court. Pursuant to the provisions of Rule 12(c), Federal Rules of Civil Procedure, the court is treating these motions to dismiss as motions for summary judgment.

Briefly stated, by their motions defendants urge that each defendant herein was a government employee acting within the line and scope of his authority at the time the incident occurred and were therefore immune from any civil suit arising therefrom.

## FINDINGS OF FACT

The plaintiffs were detained by defendants approximately one-fourth of a mile from a still site. They were taken by the defendants back to the site for identification purposes in response to a radio message from other ATU agents.

James K. Parmley, an ATU agent for nine years, was in charge of investigating an illicit moonshine still containing 120 barrels and 6,000 gallons of mash. On the morning of the detention he had observed the still site. At the time he left the area of the still, he had seen a white man moving in and around the still yard several times. Approximately three hours before the incident in question, he had left the still site. Shortly before 10:45 a. m. he started back to the property with a search warrant and saw a green pickup truck with two white men in it leave the area of the still. He radioed ATU agents Johnson and Patterson (defendants herein) to stop the truck and to bring the men back for identification.

The defendants were in an automobile proceeding toward the still site when they received the radio message. They pulled over into the left lane and in front of the pickup truck and stopped it. Defendant Patterson went to the driver's side, identified himself as a federal officer, and by title, displayed his badge, and gave his name. He told the plaintiffs they must return with the officers to the still area. The plaintiffs did. Defendant Patterson drove the pickup truck and defendant Johnson followed in his car. The plaintiffs were not touched by the officers and no force was used.

When the plaintiffs and defendants arrived at the still site, agent Parmley talked with plaintiff Wright, driver of the truck when stopped, who displayed an *honorary deputy's commission in Wilcox* County. Parmley stated neither of the men was the man he had three hours earlier seen at the still. The talk was friendly and Wright said he realized the ATU agents were officers and had a job to do. The men were told they could leave. Less than five minutes was consumed from the time they were stopped until they were told they could go.

It is undisputed that the defendants Patterson and Johnson were special investigators for the Alcohol and Tobacco Tax Unit of the Internal Revenue Service and that their duties were enforcing the liquor laws and internal revenue laws with the authority to make arrests. They were engaged in their duties at the time involved here.

In a similar suit involving U. S. Marshal and U. S. Department of Justice officials, the Fifth Circuit Court of Appeals held:

"As to judicial, legislative, and executive officers, the test to determine the existence of immunity from suits for monetary recovery based on allegedly wrongful conduct is whether or not the officers were acting within the scope of their authority or in the discharge of their duties." Norton v. McShane, 332 F.2d 855 (5th Cir. 1964).

The testimony of the officers is uncontroverted. There is no genuine issue as to the fact that the acts complained of were done by the defendants in their official capacity acting within the scope and color of their authority and acting in the discharge of their duties.

It is therefore the order, judgment, and decree of this court that Summary Judgment be and is hereby entered in favor of each defendant in each case respectively.